1  **WAJDA LAW GROUP, APC**
   Nicholas M. Wajda (State Bar No. 259178)
2  6167 Bristol Parkway
   Suite 200
3  Culver City, California 90230
4  Telephone: 310-997-0471
   Facsimile: 866-286-8433
5  E-Mail: nick@wajdalawgroup.com
   *Attorney for the Plaintiff*
6

7
                    **UNITED STATES DISTRICT COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9

10

11  | TAMMY S. ARNESON, | Case No. 8:20-cv-01535 |
12  |        Plaintiff, | **COMPLAINT FOR DAMAGES** |
13  |        v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
14  | PRINCE-PARKER & ASSOCIATES, INC., | |
15  | | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
16  |        Defendant. | |
17  | | **DEMAND FOR JURY TRIAL** |

18
                              **COMPLAINT**
19
20      NOW comes TAMMY S. ARNESON ("Plaintiff"), by and through her undersigned

21  attorney, complaining as to the conduct of PRINCE-PARKER & ASSOCIATES, INC

22  ("Defendant"), as follows:

23                            **NATURE OF THE ACTION**

24  1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act

25  ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act

26  ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

27
                            **JURISDICTION AND VENUE**
28
                                      1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal questions claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

### PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing within the Central District of California.

5. Defendant claims to be a "comprehensive accounts receivable management."[1] Defendant's principal office is located at 8625 Crown Crescent Court, Suite 200, Charlotte, North Carolina 28227. Defendant regularly collects upon consumers located within the State of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of the nature of Defendant's attempt to collect on a purported defaulted service bill ("subject debt") that Plaintiff allegedly owed to ATT Uverse.

8. In an attempt to collect the subject debt, Defendant sent a collection letter to Plaintiff dated June 19, 2020.

---

[1] https://www.princeparker.com/

9. Defendant's collection letter outlined the subject debt, identified the creditor ATT Uverse, going on to state: "The above noted account is seriously past due. Please submit payment immediately."

10. The collection letter went on to tell Plaintiff how she could make payment on the subject debt and provided the statutory disclosure required under 15 U.S.C. § 1692e(11).

11. Above the returnable payment coupon at the bottom of the page, Defendant's collection letter states: **"NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION"** (emphasis in original).

12. On the back of the collection letter, Defendant states: "As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. **But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.**" (emphasis added).

13. The front of Defendant's collection letter did not reference any sort of time period, causing Plaintiff to be confused about whether and when Defendant was or would report the subject debt to any credit reporting agency.

14. Defendant's confusing collection letter misled and deceived Plaintiff, as it prevented her from being able to intelligently assess and respond to Defendant's collection letter and its references to credit reporting after the expiration of a completely undefined time period.

15. Defendant's confusing references to credit reporting in its collection letter caused undue distress in Plaintiff as she was unable to discern when Defendant might report her debt to any credit reporting agency or whether she needed to make payment immediately in order to prevent any potential credit reporting by Defendant.

16. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion and aggravation.

17. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

18. Plaintiff was further subjected to deceptive and misleading conduct by Defendant which materially impacted and shaped her reaction and course of conduct in response to Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1995.[2]

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692e**

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

---

[2] https://www.acainternational.org/search

4

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to reference a purported time period by which the subject debt may be reported to the credit reporting agencies, only to fail to define such time period. Defendant's chosen language confused and misled Plaintiff regarding Defendant's intentions as to credit reporting agencies in a manner that deprived Plaintiff of being able to intelligently chart a course of conduct in response to Defendant's collection efforts. Plaintiff was left confused as to whether or when the subject debt would be reported to any credit reporting agencies and was further misled as to what she could do in order to go about preventing any credit reporting of the subject debt.

### b. Violations of FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated § 1692f when it unfairly attempted to collect upon the subject consumer debt by implying that it would make a negative mark on Plaintiff's credit report if she did not address the subject debt by the expiration time. Defendant's collection letter did not have an expiration time. Thus, Defendant's collection letter unfairly confused and worried Plaintiff as she was left to guess when the expiration time was.

WHEREFORE, Plaintiff, TAMMY S. ARNESON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

31. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

32. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 – 1788.17**

33. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

34. As outlined above, through its continuous attempts to collect upon the subject debt, Defendant violated 1788.17; and §§1692e, and f. Defendant engaged in a deceptive and unfair conduct in its attempts to collect from Plaintiff through the implicit misrepresentations made in the collection letter it sent to Plaintiff dated June 19, 2020. Through its conduct, Defendant misleadingly represented to Plaintiff that it would make a negative mark on her credit report if she did not address the subject debt before a made up expiration time. Defendant's collection letter did

6

not have an expiration date. Thus, Defendant's collection letter created a false sense of urgency and left Plaintiff guessing when the expiration time was.

35. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

36. WHEREFORE, Plaintiff, TAMMY S. ARNESON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: August 19, 2020                    Respectfully submitted,

                                          Nicholas M. Wajda
                                          **WAJDA LAW GROUP, APC**
                                          6167 Bristol Parkway
                                          Suite 200
                                          Culver City, California 90230
                                          Telephone: 310-997-0471
                                          Facsimile: 866-286-8433
                                          E-mail: nick@wajdalawgroup.com